UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ESTATE OF TOREY ADRELL BREEDLOVE,**

        **Plaintiff,**

-vs-                                  Case No. 6:11-cv-2027-Orl-31KRS

**ORANGE COUNTY SHERIFF'S OFFICE, et al.,**

        **Defendants.**

## ORDER

      This cause comes before the Court on a Motion to Amend (Doc. 53) filed by the Plaintiff, and a Response (Doc. 55) filed by Defendants.

      This is a § 1983 action arising from the allegedly unlawful shooting of Torey Adrell Breedlove by Officers in the Orange County Sheriff's Office. Plaintiff now moves for leave to amend. Although Defendants do not object to the majority of proposed amendments, they do object to the inclusion of, (1) a claim for decedent's pain and suffering, and (2) the addition of two defendants. Each objection will be addressed in turn.

      Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Such motions are liberally granted absent substantial reason to deny them. *Florida Power and Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996). Defendants argue that Plaintiff's Motion to amend should be denied as futile to the extent it

seeks to add a claim for the pain and suffering of decedent. After review however, the Court cannot say at this point that such an amendment is futile.

42 U.S.C. § 1983 does not provide for the survival of civil rights actions. Due to this "deficiency" in the statute, the survivorship of civil rights actions is governed by 42 U.S.C. § 1988(a). *Robertson v. Wegmann*, 436 U.S. 584, 588–89, 98 S. Ct. 1991, 1994, 56 L. Ed.2d 554 (1978). That statute directs that, where federal law is "deficient," the state law of the forum applies as long as it is "not inconsistent with the Constitution and the laws of the United States." 42 U.S.C. § 1988(a). It is undisputed that § 1983 is deficient in not providing for survivorship. *See Robertson,* 436 U.S. at 588, 98 S. Ct. at 1994; *see also Brazier v. Cherry*, 293 F.2d 401, 407–08 (5th Cir. 1961) (holding that § 1983 is deficient in not providing for survivorship and looking to Georgia's survivorship and wrongful death statutes to see if civil rights claim survives). The dispute in this case, then, is whether Florida provides for such rights and whether that provision (or lack thereof) it is inconsistent with federal law. *Estate of Gilliam ex rel. Waldroup v. City of Prattville*, 639 F.3d 1041 (11th Cir. 2011) *cert. denied,* 132 S. Ct. 817, 181 L. Ed. 2d 526 (U.S. 2011); *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1214 (11th Cir. 2001).

Florida's Wrongful Death Act does not provide a cause of action for the pain and suffering of a decedent. *See* F.S.A § 768.21; *Brown v. Seebach*, 763 F.Supp. 574 (S.D. Fla.1991) (no hedonic damages under Florida's Wrongful Death Act); *Del Rio v. United States*, 833 F.2d 282, 288 (11th Cir. 1987) (citing *Florida Clarklift, Inc. v. Reutimann*, 323 So.2d 640, 641 (Fla. 2d DCA 1975), *cert. denied*, 336 So. 2d 1181 (Fla.1976) (Florida's Wrongful Death Act allows recovery for pain and suffering of the living, not the dead)). However, several federal courts have held that such statutes are inconsistent with the purpose of § 1983, and thus, not applicable. *Heath v. City of*

*Hialeah*, 560 F. Supp. 840 (S.D. Fla. 1983); *O'Connor v. Several Unknown Correctional Officers*, 523 F. Supp. 1345 (E.D. Va. 1981); *Guyton v. Phillips*, 532 F. Supp. 1154 (N.D. Cal. 1981) (citing *Carey v. Piphus*, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978)). Accordingly, the Court cannot say at this point whether such an amendment would be futile.

Defendants also argue that Plaintiff's motion to amend should be denied as futile to the extent it adds claims against two new defendants, Dennis Ela and Michael Davis. Contrary to the claims in the proposed complaint, Defendants claim that Ela and Davis were only "supervisors" and had no opportunity to "intervene to stop the shooting even had they believed the shooting was inappropriate." (Doc. 55). Aside from this factual dispute, Defendants present no argument and cite no authority to support their position.[1] It is therefore,

**ORDERED** that Plaintiff's Motion to Amend (Doc. 53) is **GRANTED**. Plaintiff must file the amended complaint in a separate docket entry by no later than Friday, April 27, 2012. The pending motions to dismiss (Docs. 45 & 50) are **DENIED as moot**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 23, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

                                                      **GREGORY A. PRESNELL**
                                                    **UNITED STATES DISTRICT JUDGE**

---

[1] Defendants do not argue that they will be prejudiced by the proposed amendments.