**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ESTATE OF TOREY ADRELL BREEDLOVE,**

        **Plaintiff,**

-vs-                                         **Case No. 6:11-cv-2027-Orl-31KRS**

**ORANGE COUNTY SHERIFF'S OFFICE, et al.,**

        **Defendants.**

## ORDER

This cause comes before the Court on a Motion to Dismiss/Strike (Doc. 58) filed by the Defendants and a Response filed by the Plaintiffs (Doc. 63).

This is a § 1983 action arising from the allegedly unlawful shooting of Torey Adrell Breedlove by Officers in the Orange County Sheriff's Office. Defendants move to dismiss or strike Plaintiff's damage claim for decedent's pre-death pain and suffering on the grounds that under 42 U.S.C. §§ 1983, 1988(a) and the Florida Wrongful Death Act ("Act") such damages are precluded. Plaintiffs argue that the Act is inconsistent with federal law and that, accordingly, the Court should allow for decedent's pain and suffering damages.

**I. Standards**

    **A. Motions to Dismiss**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th

Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

**B. Motions to Strike**

Rule 12 of the Federal Rules of Civil Procedure provides that a court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court has broad discretion in determining whether to grant or deny a motion to strike. *Anchor*

*Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla.1976). In order to strike a pleading, the matter sought must have "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574, 576 (M.D. Fla.1995). Motions to strike are generally disfavored. *Smith v. Brevard County*, 461 F. Supp. 2d 1243, 1247 n.2 (M.D. Fla. 2006).

## II. Analysis

The Supreme Court has held that 42 U.S.C. § 1983 is "deficient" because it does not provide for the survival of civil rights actions. *Robertson v. Wegmann*, 436 U.S. 584 (1978). The survivorship of § 1983 actions is governed instead by § 1988(a), which states that when a federal law is "deficient" the laws of the forum state apply, so long as they are not "inconsistent with the Constitution and laws of the United States." *Id.* at 588-89. Accordingly, *Robertson* instructs that a court must follow the state law unless it is inconsistent with the policies underlying §1983. Those policies are (1) to compensate the victim for the deprivation of his federal rights and (2) to deter such future violations. *Robertson*, 436 U.S. at 591.

Florida's Wrongful Death Act, Fla. Stat. §§ 768.16, et seq., combines the survival and wrongful death action into a single suit. *Florida Clarklift, Inc. v. Reutimann*, 323 So. 2d 640, 642 (Fla. 2d DCA 1975). Although it provides a comprehensive remedy to survivors who are damaged as a result of a death and allows the estate to recover for decedent's economic damages,[1] the

---

[1] With respect to survivors, it provides that (1) each survivor may recover the value of lost support and services from the date of the decedent's injury to his death and future loss of support and services from the date of death; (2) the surviving spouse may recover for loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury; (3) minor children of the decedent–and all children of the decedent if there is no surviving spouse–may recover for lost parental companionship, instruction, and guidance and for mental pain and suffering from the

statute does not provide a cause of action for the pain and suffering of a decedent. Fla. Stat. § 768.21. Thus, both parties agree that the only question in this case is whether Florida's Wrongful Death statute–or more precisely, its exclusion of a remedy for the pain and suffering of a decedent–is inconsistent with the underlying policies of § 1983. *See Estate of Gilliam ex rel. Waldroup v. City of Prattville*, 639 F.3d 1041, 1046 (11th Cir. 2011) *cert. denied*, 132 S. Ct. 817 (2011).

Case law on this specific subject is not entirely helpful. The Supreme Court has not decided whether a state's wrongful death statute is inconsistent with § 1983 when it limits damages for unconstitutional violations which result in death. The most analogous Supreme Court case, *Robertson*, provides little guidance on this issue. In that case, the Court was careful to point out that the decedent's death was not caused by the § 1983 violation. *Robertson*, 436 U.S. at 592 (noting "the fact that a particular action might abate surely would not adversely affect § 1983's role in preventing official illegality, *at least in situations in which there is no claim that the illegality caused the plaintiff's death*." (emphasis added)).

Neither has the Eleventh Circuit addressed this issue with respect to the Florida Wrongful Death Act. The most analogous Eleventh Circuit case is *Gilliam*, which did not involve a § 1983 death and was decided under Alabama law. In that case, the decedent died seven hours after being tasered by police. *Gilliam*, 639 F.3d at 1043. Since Alabama law did not provide for the survival

---

date of injury; and (4) medical or funeral expenses due to the decedent's injury or death may also be recovered by a survivor who has paid them. Fla. Stat. § 768.21. Additionally, a decedent's estate may recover loss of the deceased's earnings from the date of injury to the date of death and medical or funeral expenses. Loss of the prospective net accumulations may also be recovered if the decedent's survivors include a surviving spouse or lineal descendants. *Id.*

of unfiled personal injury claims–and since the decedent did not file a claim before his death,–the § 1983 claim abated. *Gilliam*, 639 F.3d at 1044. The district court held that such a result would be inconsistent with § 1983 and the Eleventh Circuit reversed noting "our only inquiry is whether Alabama law, which mandates the nonsurvival of unfiled tort claims, is inconsistent with § 1983." *Gilliam*, 639 F.3d at 1049. Alabama law is not inconsistent with federal law simply because it would deny plaintiff a remedy under § 1983. In reaching its decision, however, the court recognized that the result would have been different had the violation actually caused the death. Where a violation actually causes death, Alabama law did provide compensation, "a result consistent with the purpose of § 1983." *Gilliam*, 639 F.3d at 1047-48.

The Eleventh Circuit has addressed the issue on only one other occasion. In *Gilmere v. City of Atlanta*, the court held that "the kinds of damages that are recoverable [in § 1983 wrongful death actions] are determined by federal law." 864 F.2d 734, 739 (11th Cir. 1989). *See also, Gilliam*, 639 F.3d at 1048 n. 9. In *Gilmere*, the decedent was shot and killed by members of the City of Atlanta Police Department. A § 1983 wrongful death suit was filed by his survivors, but Georgia law did not provide a cause of action for decedent's estate because he left neither a widow nor child. *Gilmere*, 864 F.2d at 744. The district court found that this result was inconsistent with the underlying policies of § 1983 and, after a non-jury trial, granted the estate $25,000.00 in compensatory and punitive damages. *Id*. at 736. Decedent's estate appealed, arguing that the district court was required, under § 1988, to apply Georgia law to determine the amount of damages available.[2] In an unusual opinion, the Eleventh Circuit affirmed, noting that the purpose

---

[2] Georgia's wrongful death statute permits recovery for the "full value of the life of the decedent." *Gilmere*, 864 F.2d at 736.

of § 1983 is to "compensate for the actual injuries caused by the particular constitutional deprivation" and that reference to state law regarding the amount of available damages would "lead to inconsistent awards." *Id.* at 739-40. Curiously, the court failed to mention the policy of deterrence and failed to conduct the "inconsistency" inquiry mandated by § 1988 and *Robertson*–omissions noted by the dissent. *Id*. at 745-46.

Only one case appears to have addressed this issue with respect to Florida law. In *Heath v. City of Hialeah*, the Southern District of Florida held that Florida's wrongful death statute is inconsistent with § 1983. 560 F. Supp. 840 (S.D. Fla. 1983). It summarized its reasoning as follows,

> [i]t is too much to believe that Congress would adopt broad language, and the Supreme Court broad interpretation, in every respect, but for the phrase 'inconsistent with the Constitution and the laws of the United States.' The result of such an exception would frustrate the limitations on a restrictive state statute. While the clearly inconsistent state law would be one that openly and avowedly sought to limit the federal civil rights laws, potential incompatibility must be demonstrably broader than that. Regardless of the law applied in a particular case, however, it is clear that the ultimate rule adopted under § 1983 be a federal rule responsive to the need which arises whenever a federal right is impaired.

*Heath*, 560 F. Supp at 843-44. It added, "[w]here death is the cause of the suit . . . the deleterious effect on the policy of deterrence is plainer to see. Indeed, it would be far more profitable to kill the plaintiff than to scratch him." *Id*. at 843.

The opinion in *Heath* notwithstanding, case law generally instructs that a state statute is inconsistent with the compensatory purpose of § 1983 when it bars a decedent's personal injury claim in cases where the violation causes death. The Florida Wrongful Death Act, however, does

not bar the entire personal injury claim. It merely excludes non-economic damages, while allowing the estate to recover the decedent's economic damages. This result is entirely logical given that non-economic damages are hard to quantify even when a victim survives.[3] Moreover, the effect on compensation is, in most cases, modest. Here, the decedent did not live long enough after the fusillade to suffer. Accordingly, the Court cannot say that the mere exclusion of decedent's damages for pain and suffering makes the Florida wrongful death statute inconsistent with the compensatory purpose of § 1983.[4]

With respect to deterrence, this Court does not believe that a state official would be willing to kill rather than injure a victim solely to evade pain and suffering damages when a myriad of other remedies exist. Some courts have taken the opposite view and found that state laws do not serve the goal of deterrence when a state official is held liable for more damages (*i.e.* pain and suffering) when he injures a victim, than when he causes death. *See e.g., Heath*, 560 F. Supp. 840;

---

[3] It is also worth noting that the Florida Wrongful Death Act is a comprehensive combination of survival and wrongful actions. The Florida legislature appears to have made the well-reasoned decision to shift the non-economic damages from the decedent to his survivors. This accomplishes at least two things, (1) damages will be somewhat more calculable, and (2) it allows a full recovery to the only parties who can be truly compensated–decedent's survivors. Thus, when viewed as a whole, Florida law does provide sufficient compensation to those harmed by the violation.

[4] Although *Gilmere* suggests that the reference to state law regarding the amount of damages is unnecessary, it is distinguishable. In that case, the Georgia statute was inconsistent with § 1983 because it failed to provide a cause of action to the decedent's estate for decent's injuries. As *Robertson* instructs, the district court fashioned a remedy consistent with federal law and the Eleventh Circuit reasoned that in such a situation, reference to state law was not required. In this case, Florida does provide a cause of action and a comprehensive compensatory remedy–a result not inconsistent with federal law. Accordingly, this Court will follow the test proscribed in *Robertson* to determine whether the Florida statute is inconsistent with federal law. *See Gilliam*, 639 at F.3d at 1048; *Heath*, 560 F. Supp. 840; *T.D.W. v. Riverside County*, EDCV 08-232CAS(JWJX), 2009 WL 2252072 (C.D. Cal. July 27, 2009); *Venerable v. City of Sacramento*, 185 F. Supp. 2d 1128, 1133 (E.D. Cal. 2002).

*Guyton v. Phillips*, 532 F. Supp. 1154, 1166 (N.D. Cal. 1981); *Bell v. City of Milwaukee*, 746 F.2d 1205, 1238 (Wis. 1984). As the Supreme Court noted in *Robertson* however, "[a] state official contemplating illegal activity must always be prepared to face the prospect of a § 1983 action being filed against him. In light of this prospect, even an official aware of the intricacies of [state] survivorship law would hardly be influenced in his behavior by its provisions." 436 U.S. at 592, 98 S.Ct. 1991. *See also*, *Gilliam*, 639 at F.3d at 1048 n. 11; *Venerable v. City of Sacramento*, 185 F. Supp. 2d 1128, 1133 (E.D. Cal. 2002).

Accordingly, Plaintiff's claim for damages based on decedent's pain and suffering is barred by Florida's Wrongful Death Act, and will be stricken.[5]

It is therefore, **ORDERED** Defendant's Motion to Strike is **GRANTED.** The alternative Motion to Dismiss is **DENIED as moot**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 25, 2012.

Copies furnished to:

                                                                **GREGORY A. PRESNELL**
                                                          **UNITED STATES DISTRICT JUDGE**

Counsel of Record

Unrepresented Party

---

[5] Given the state of the law in this area, the Court will consider asking the jury to make an advisory finding concerning the decedent's pain and suffering in the event this ruling is reversed on appeal.